UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE SZYMANSKI,

                Petitioner,                Case Number 05-10241
                                                          Honorable David M. Lawson

v.

PAUL RENICO,

                Respondent,
_____/

## ORDER DENYING PETITION FOR REHEARING

The petitioner, Eugene Szymanski, presently confined at the Carson City Correctional Facility in Carson City, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Subsequently, on November 14, 2011 the petitioner filed a motion for summary judgment. The Court denied the petitioner's motion on November 22, 2011.

On December 14, 2011, the petitioner filed a motion entitled "Petition for Rehearing." In the motion, the petitioner, in apparent reference to the conviction underlying his petition for habeas corpus, states that he did not waive his right to counsel and thus that his Sixth Amendment rights were violated. The Court will treat the motion as a motion for reconsideration of the Court's November 22, 2011 order denying the petitioner's motion for summary judgment.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However,

motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In his motion, the petitioner has not demonstrated a palpable defect by which the Court was misled in ruling on his summary judgment motion. Instead, the petitioner has reiterated arguments included in his amended petition for a writ of habeas corpus. As the Court stated in its order denying the petitioner's motion for summary judgment, the Court will review the issues raised by the petitioner in its consideration of the petitioner's petition for a writ of habeas corpus. The Court concludes that the petitioner has not met his burden under Local Rule 7.1(g)(3). Therefore, the Court will deny the petitioner's motion for reconsideration.

Accordingly, it is **ORDERED** that the petitioner's petition for rehearing, considered as a motion for reconsideration [dkt. #76] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 22, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 22, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL