UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE SZYMANSKI,

        Petitioner,                         Case Number 05-10241
                                                                 Honorable David M. Lawson

v.

PAUL RENICO,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR A *FRANKS* HEARING**

Petitioner Eugene Szymanski was convicted by a Wayne County, Michigan jury of assault with intent to do great bodily harm less than murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, amended twice, identifying a number of claims for relief. On June 30, 2011, the petitioner filed a motion requesting an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The petitioner argues that a *Franks* hearing is warranted because newspaper articles detailing irregularities in the handling of evidence at the Detroit Crime Lab call into question evidence admitted in his case and because false statements were included in a warrant. The petitioner's motion must be denied for several reasons.

First, the hearing the petitioner seeks — a "*Franks* hearing" — is an evidentiary hearing. Recently, the Supreme Court reiterated that habeas review under 28 U.S.C. § 2254(d)(1) is highly deferential, *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 786 (2011) (holding that federal habeas courts must review state court decisions with "deference and latitude"), and then added the further limitation that review is limited to the record that was before the state court that adjudicated the claim on the merits, *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1398 (2011). "In other

words, a federal habeas court may not rely on evidence introduced for the first time in that court and reviewed by that court in the first instance to determine that a state court decision was 'contrary to' to or an 'unreasonable application of' clearly established federal law." *Robinson v. Howes*, 663 F.3d 819, 823 (6th Cir. 2011) (citing *Pinholster*, 131 S. Ct. at 1399).

In this case, it does not appear that the petitioner ever challenged the search warrant in state court, and therefore no record was ever developed, and there is no state court decision that is entitled to deferential review. In such a case, the governing rule for federal evidentiary hearings is found in 28 U.S.C. § 2254(e)(2). *Pinholster*, 131 S. Ct. at 1401. Under that statute, if an applicant for habeas relief "has failed to develop the factual basis of a claim in State court proceedings," a district court may not grant an evidentiary hearing on the claim unless the applicant shows that:

> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)-(B). The petitioner has not made that showing here.

Second, even if the petitioner could overcome the limitations of section 2254(e)(2), he would not be entitled to a *Franks* hearing because he has not made the requisite preliminary showing. In *Franks v. Delaware*, 438 U.S. 154 (1978), the Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Id*. at 155-56. The Sixth Circuit has applied that

limitation faithfully. *See United States v. Poulsen*, 655 F.3d 492, 504 (6th Cir. 2011) (quoting *United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008) (alteration in original)). Even if statements in the affidavit are false, "a *Franks* hearing is warranted" only "[i]f, when the alleged false statement is put aside, the affidavit no longer provides the court with probable cause." *Id*. at 504-05.

In this case, the petitioner has not made any preliminary showing of entitlement to a hearing under *Franks*. The petitioner has identified neither the warrant he seeks to challenge nor the allegedly false statements included in the affidavit supporting the warrant. Instead, the petitioner merely repeats the allegations in his habeas petition that false testimony as to the presence of gun powder on the complainant's jacket was offered at trial and makes a general statement that a warrant issued in his case contained false statements about gunpowder. The petitioner's allegations in his motion are insufficient to create an entitlement to a *Franks* hearing. Moreover, because the petitioner did not challenge any search warrants in the state courts, the record is devoid of any documentation from which the Court could determine the precise nature of the petitioner's challenge.

Third, even if the petitioner had satisfied the required preliminary showing, the Court would be unable to grant habeas corpus relief based on the petitioner's allegation that a search warrant was issued improperly. The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). The Sixth Circuit employs

a two-step analysis to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court:

> First, the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.

*Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (internal quotation marks omitted).

Michigan provides ample opportunity for litigation of Fourth Amendment claims. Typically, such claims are addressed before trial by means of a motion to suppress filed before trial. *See People v. Ferguson*, 376 Mich. 90, 93-94, 135 N.W.2d 357, 358-59 (1965) (holding that motions to suppress must be brought timely where the factual circumstances constituting the illegal arrest or seizure are known to the defendant in advance of trial). However, even absent objections in the trial court, Michigan appellate courts entertain Fourth Amendment claims where it appears that the evidence in question affected the outcome of the trial. *People v. Harris*, 95 Mich. App. 507, 509-10, 291 N.W.2d 97, 99 (1980).

In this case, the petitioner has not demonstrated that the presentation of his claim was frustrated because of a failure of Michigan's mechanism for raising a Fourth Amendment claim. The petitioner points to "new evidence" in the form of a newspaper article criticizing the Detroit crime lab. However, even assuming that this article would be sufficient to raise doubts as to the validity of a search warrant in the petitioner's case, the emergence of new evidence does not demonstrate that the procedural mechanism for the petitioner to raise a Fourth Amendment claim in the state courts was frustrated. Nor does the fact that the petitioner failed to raise his Fourth Amendment claim either prior to trial or on appeal constitute a failure of Michigan's procedural mechanism.

Finally, even construing the petitioner's motion as a request for an evidentiary hearing, the Court must deny the petitioner's request. Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Rule 8(a), Rules Governing Section 2254 Cases. This Court is not persuaded that an evidentiary hearing is necessary to adjudicate the claims in the petition at this time. *See* 28 U.S.C. § 2254(e)(2).

Accordingly, it is **ORDERED** that the petitioner's motion for a *Franks* hearing [dkt. #71] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 30, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL