UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE SZYMANSKI,

        Petitioner,                         Case Number 05-10241
                                                        Honorable David M. Lawson

v.

PAUL RENICO,

        Respondent.
_____/

**ORDER DENYING MOTIONS FOR REHEARING AND TO APPOINT COUNSEL**

On March 7, 2013, the Court entered an opinion and order denying the petitioner's petition for a writ of habeas corpus. The Court entered judgment and denied a certificate of appealability on the same date. On March 28, 2013, the petitioner filed a notice of appeal, a motion for a rehearing, and a motion to appoint counsel.

The Court will construe the petitioner's motion for a rehearing as a motion for reconsideration. Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3).

In the motion, the petitioner merely reiterates the argument that has been rejected already by this Court: namely, that there were various irregularities surrounding the evidence as to the

victim's gunshot wound. The Court considered the petitioner's arguments on that point at length and determined that they lacked merit. The petitioner has failed to demonstrate a palpable defect by which this Court was misled and merely presents issues already ruled upon by the Court. The Court will deny the petitioner's motion for rehearing.

The petitioner also filed a motion to appoint counsel. There is no constitutional right to counsel for habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Post v. Bradshaw*, 422 F.3d 419, 423 n.1 (6th Cir. 2005). Habeas proceedings are civil proceedings, *Browder v. Director, Dep't of Corr. of Ill.*, 434 U.S. 257, 269 (1978), and "'appointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *U.S. v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). The Court does not see grounds to grant the petitioner's request for appointment of counsel at the present time.

Accordingly, it is **ORDERED** that the petitioner's motions for rehearing and to appoint counsel [dkt. #s 89, 93] are **DENIED**.

                                              s/David M. Lawson
                                              DAVID M. LAWSON
                                              United States District Judge

Dated: April 8, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 8, 2013.

                                      s/Deborah R. Tofil
                                        DEBORAH R. TOFIL