UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE SZYMANSKI,

          Petitioner,

                              Case Number 05-10241

v.                                Honorable David M. Lawson

PAUL RENICO,

          Respondent.
_____/

### ORDER TRANSFERRING CASE TO THE COURT OF APPEALS AS A SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(B)(3)(A)

Petitioner Eugene Szymanski, presently confined at the Pugsley Correctional Facility in Kingsley, Michigan, earlier filed a motion to amend this Court's judgment dismissing his petition for writ of habeas corpus filed under 28 U.S.C. § 2254. In the order denying that motion, this Court observed that petitioner's motion to amend judgment also appeared to include new grounds attacking the petitioner's state court judgment under which he is presently confined. Therefore, the Court concluded, that motion conceivably could constitute a successive habeas corpus petition, as the Court noted in the order denying the motion. Now the petitioner has asked the Court to transfer the motion to the Sixth Circuit as a successive petition, which clears up any doubt about whether he intended the motion to constitute a habeas corpus petition. The Court therefore will treat the petitioner's motion to amend judgment [dkt. #171] as a subsequent habeas corpus petition.

The petitioner was convicted by a Michigan jury in state court of assault with intent to do great bodily harm, being a felon in possession of a firearm, and possessing a firearm during a felony (felony firearm). Mich. Comp. Laws §§ 750.84, 750.224f, 750.227b. The petitioner was sentenced as a fourth-offense habitual offender to terms of 80 to 300 months for the assault conviction, two

to five years for being a felon in possession, and two years for the felony firearm conviction. Those sentences were affirmed on direct appeal. *People v. Szymanski*, No. 252378, 2005 WL 562822, at *4 (Mich. Ct. App. Mar. 10, 2005) (unpublished).

In 2005, the petitioner filed a federal habeas corpus petition under 28 U.S.C. § 2254. The Court administratively closed that case while the petitioner exhausted the remedies that were available to him in state court. The state trial court denied his motion for post-conviction relief in 2008. The Michigan Court of Appeals denied his delayed application for leave to appeal in a standard order, and the state supreme court declined further review in 2010. The petitioner then filed an amended habeas corpus petition, which this Court construed as raising eleven separate challenges to the state convictions. The Court found that those claims all lacked substantive merit and denied the petition. The Court denied a certificate of appealability on all the claims. Subsequently, the petitioner applied to the court of appeals for leave to file a second or successive habeas corpus petition raising a claim that the prosecution withheld video surveillance tapes and other exculpatory evidence from the defense. On April 22, 2015, the Sixth Circuit denied his application.

An individual seeking to file a second or successive habeas petition must first ask the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals the function of screening such second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the matter to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever

-2-

a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

The Court therefore will transfer the petition to the court of appeals because the petitioner did not obtain authorization to file a successive petition from the court of appeals before filing his petition.

Accordingly, it is **ORDERED** that the Clerk of Court shall **TRANSFER** the petitioner's petition for a writ of habeas corpus [dkt. #171] to the United States Court of Appeals for the Sixth Circuit.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: September 30, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI

---